UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NORMAN SNEED, : Case No. 1:09-cv-043
:
    Plaintiff, : Judge S. Arthur Spiegel
: Magistrate Judge Timothy S. Black
vs. :
:
ERNIE MOORE, *et al.*, :
:
    Defendant. :

### REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 24) BE GRANTED; AND (2) THIS CASE BE CLOSED

This civil action is currently before the Court upon Defendants' motion for summary judgment. (Doc. 24). Plaintiff did not respond.[2]

### I. FACTUAL BACKGROUND

On February 24, 2007, Plaintiff Norman Sneed, an inmate at Lebanon Correctional Institution ("LeCI"), got into a fight with inmate Marshall. Plaintiff and Marshall squared off with each other and each began to throw punches. (Doc. 25 and Doc. 24, Ex. 2). According to Plaintiff, "Me and the inmate I fought [Marshall] have been friends for 3 years, but his buddies been riding in and he been acting funny. I'm passing out laundry out this day and walk past the inmate and he said 'we got you'." (Doc. 24, Ex. 3). A

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff did not respond to the motion for summary judgment. Therefore, on April 26, 2010, the undersigned issued an order to show cause why Defendants' motion for summary judgment should not be granted for the reasons stated therein. (Doc. 28). Again, Plaintiff did not respond.

fight ensued.

Several officers responded to the fight and ordered the inmates to stop fighting. (Doc. 24, Ex. 2). Inmate Marshall complied with officers' orders, and C.O. Williams placed inmate Marshall against the wall in order to handcuff him. However, Plaintiff ignored direct orders to stop fighting, necessitating an intervention by Defendant C.O. Patrick. (*Id*., Ex. 1 and Ex. 2). As Defendant Patrick attempted to gain control of Plaintiff, Plaintiff continued throwing punches and struggled with Defendant Patrick. (*Id*.) Plaintiff and Defendant Patrick both fell to the floor, with Defendant Patrick landing on top of Plaintiff. C.O.'s Pollock, Maybugh, and Defendant Sharp responded, assisting Defendant Patrick with gaining control of Plaintiff and placing him in handcuffs. (*Id*., Ex. 2). At this point, Plaintiff was taken to the medical department for treatment of his injuries. (*Id*.)

Pursuant to ODRC policy, a Use of Force committee investigated the incident. The committee watched the videotape of the incident, and interviewed witnesses. During his interview with the Committee, Plaintiff stated that he was not resisting and did exactly as he was ordered. (*Id*.) After viewing the video, the Committee determined that Plaintiff's version of events was false. Rather, the video and testimony of other witnesses demonstrated that Plaintiff continued to resist Defendant Patrick after inmate Marshall was placed on the wall. (*Id*.)

Upon further questioning, Plaintiff then admitted that he felt that Defendant Patrick meant him no harm and did not purposefully cause him to be injured. (Doc. 24, Ex. 2). Based on all of the information before it, the Committee found that Defendant Patrick was justified in using force to break up the fight and gain control of Plaintiff. The Committee also found that it was clear that Defendant Sharp possessed no intent to harm Plaintiff in any way. (*Id*., Ex. 2). No further action was taken.

Plaintiff filed this lawsuit alleging that Defendant Patrick violated his Eighth Amendment rights by maliciously stomping on his foot and tackling him. Plaintiff further alleges that Defendant Sharp retaliated against him for filing a grievance regarding this incident. Plaintiff also named Ernie Moore as a Defendant. Defendant Moore, who was then the Warden at LeCI, is accused of "acquiescing in the excessive use of force." (Doc. 4).

Defendants claim that the evidence in this case demonstrates that Defendant Patrick did not use excessive force and that Plaintiff fails to state a claim for relief against Defendants Sharp and Moore.

## II.  STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A party may move for summary judgment on the basis that the

opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

"Summary judgment is only appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (internal quotation marks omitted) (*quoting* Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment - rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.

Because Plaintiff brings this case *pro se*, the Court construes the allegations very liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). Indeed, "a *pro se* plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences," *Morgan v. Church's Fried*

*Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and "*pro se* litigants are not exempted or excused from the Federal Rules governing pleading, dismissal for failure to state claims, and summary judgment." *Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993).

While a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, this standard, however, has limits. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The limits of this "liberal construction" nonetheless require a *pro se* plaintiff to establish each and every element of his claim. *Celotex*, 477 U.S. at 324. *See also Anderson*, 477 U.S. at 248; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-586 (1986).

### III. ANALYSIS

#### A. Eighth Amendment Violation

Notwithstanding the prohibition against cruel and unusual punishment reflected in the Eighth Amendment, maintenance of prison security and discipline may occasionally require that inmates be subjected to physical contact actionable as assault under common law. *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002). However, the unjustified infliction of bodily harm to an inmate by a correctional officer gives rise to a claim under 42 U.S.C. §1983. *Caldwell v. Moore*, 968 F.2d 595 (6th Cir. 1992) (quoting *Franklin v. Aycock*, 795 F.2d 1253 (6th Cir. 1986)). Liability will only be imposed, however, if the alleged bodily harm arises to the level of a constitutional violation. *Id.*

The infliction of pain in the course of a prison security measure does not amount to a constitutional violation simply because it may appear in retrospect that the degree of

force authorized or applied for security purposes was unreasonable. *Whitley v. Albers,* 475 U.S. 312, 319 (1986). Because prison officials must make their decisions in haste, under pressure, and frequently without the luxury of a second chance, they must be granted deference in the adoption and execution of prison policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. *Combs*, 315 F.3d at 557 (quoting *Hudson v. McMillian*, 503 U.S. 1 (1992)). Thus, the standard in determining excessive force in violation of the cruel and unusual punishment clause of the Eighth Amendment is whether the force was used to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. *Hudson v. McMillian*, 503 U.S. at 6 (*citing Whitley*, 475 U.S. 312 at 319).

In determining the motivations of correctional officers, courts should consider the reasons for the application of force, the need for the force applied, and the extent of inflicted injury. *Caldwell*, 968 F.2d at 600. When considering these factors, inferences may be drawn as to whether the applied force could plausibly have been thought necessary or, instead, whether it evidences an unjustified infliction of harm. *Whitley*, 475 U.S. at 321.

Plaintiff's injuries do not evidence a sadistic or malicious intent, nor is there any evidence that Defendant Patrick acted with malice to injure Plaintiff. Rather, the video shows two inmates who were engaged in a violent physical altercation and correctional officers who were required to act. Unfortunately, the video does not have audio capabilities, so it is unclear what the officers said to the inmates, however from the

obvious seriousness of the altercation, the undersigned does not find that Defendant Patrick's use of force was excessive. Contrary to Defendants' explanation, the undersigned agrees with Plaintiff's contention that Defendant Patrick "tackled" him, but the undersigned finds that such force was necessary. Evidence of Defendant Patrick "stomping" on Plaintiff's foot is not before the Court.

It is also important to note that Defendant Patrick was forced to make a split second decision, without the luxury of a second chance, to maintain his own safety and the safety of others. The Court is constrained to afford Defendant Patrick's "wide-ranging deference" in his efforts to preserve internal order and institutional security by forcing Plaintiff to obey a direct order. *See Combs*, 315 F.3d at 557. Even if the force used against Plaintiff were more than *de minimis*, it was neither unnecessary nor wanton, occurring immediately after Plaintiff refused a direct order and was engaged in a violent altercation. The undersigned concludes that Defendant Patrick did not use force that was wanton and unnecessary but instead applied the necessary force in a good-faith effort to maintain and to restore discipline. *Hudson*, 503 U.S. at 7.

The undersigned concludes easily that Defendant Patrick did not use unnecessary or wanton force against Plaintiff on February 24, 2007. The videotape clearly shows the need for the application of force. Moreover, Plaintiff admits that Defendant Patrick meant him no harm and did not purposefully cause him to be injured. (Doc. 24, Ex. 2).

Consequently, even when viewing the evidence in the light most favorable to

Plaintiff, he cannot establish the existence of elements essential to his claim on which he bears the burden of proof at trial. Based on these facts, Plaintiff's claim fail as a matter of law.

### B.     Retaliation

To establish a claim for retaliation, Plaintiff must demonstrate: (1) that he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two, that is, the adverse action was motivated at least in part by Plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff bears the burden of proof on all three elements of such a claim. *McElhaney v. Elo*, 230 F.3d 1358 (6th Cir. 2000); *Watkins v. Phillips,* 194 F.3d 1315 (6th Cir. 1999).

Furthermore, any retaliation claim based on speculation and not on real evidence must fail. *Martinez v. Minnes*, 257 Fed. Appx. 261, 266 (11th Cir. 2007). *See also Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) ("[I]n the context of a civil rights claim,…conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim." *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). *See also Id.* (indicating that "[s]ome factual basis for such claims must be set forth in the pleadings").

Plaintiff meets the first prong of *Thaddeus-X* by engaging in constitutionally-protected conduct in utilizing the grievance procedure to complain

about the incident with Defendant Patrick. Plaintiff has failed, however, to meet his burden as to the other two prongs of *Thaddeus-X*. First, Plaintiff has made no specific allegation as to how Defendant Sharp retaliated against him. He merely states that Defendant Sharp harassed and attempted to intimidate him. He also fails to provide evidence that Defendant Sharp even knew of any grievance filed against Defendant Patrick. Secondly, Plaintiff failed to demonstrate how Defendant Sharp's purported actions deterred him from continuing to engage in protected conduct. Even assuming *arguendo* that it did, Defendant Sharp made statements to Plaintiff, that *did not deter Plaintiff* from continuing to engage in any protected conduct. According to his complaint, Plaintiff has continued to file complaints and grievances. Moreover, he filed the instant lawsuit. On his generalized, conclusory and speculative allegations, Plaintiff's retaliation claim must fail.

### C. Claim for Relief Against Defendant Moore

To successfully state a claim under § 1983, Plaintiff must identify a right secured by federal law and the deprivation of that right by a person acting under color of state law. *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *Mackey v. Cleveland State Univ.*, 837 F. Supp. 1396, 1402 (N.D. Ohio 1993). "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in pleadings." *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.

1986); *Mackey,* 837 F. Supp. at 1402.  Furthermore, in order to establish personal liability upon a government officer in a § 1983 action, Plaintiff must show that the official, "acting under color of state law, caused the deprivation of a federal right."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  In other words, an individual defendant cannot be held liable for damages under Section 1983 if the plaintiff fails to allege that the defendant was "personally involved in the activities which form the basis of the alleged unconstitutional behavior."  *Santo v. Corr. Corp. of Am.,* No. 4:08cv901, 2008 U.S. Dist. LEXIS 70857, at *4 (N.D. Ohio, Aug. 4, 2008).

In this case, Plaintiff's complaint against Defendant Moore, the former Warden of LeCI, is that Moore's "inactions" led to "a policy of physical violence." (Doc. 4). Plaintiff offers no factual allegations showing that Defendant Moore actually caused or participated in conduct that amounts to a violation of Plaintiff's constitutional rights. Without factual allegations of Defendant Moore's direct involvement, the actions of LeCI employees cannot be imputed to him.

## IV. CONCLUSION

Accordingly, **IT IS THEREFORE RECOMMENDED THAT** Defendants' motion for summary judgment (Doc. 24) be **GRANTED** and **THIS CASE BE CLOSED.**

Date:  5/26/10, nunc pro tunc 5/13/10,                    s/ Timothy S. Black
reflecting work as the assigned                                   Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NORMAN SNEED,

    Plaintiff,      Case No. 1:09-cv-043

  vs.      Judge S. Arthur Spiegel
         Magistrate Judge Timothy S. Black

ERNIE MOORE, *et al.*,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).