```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

NORMAN SNEED,                    :     NO. 1:09-CV-00043
                                 :
    Plaintiff,                   :
                                 :
        v.                       :     **OPINION AND ORDER**
                                 :
                                 :
ERNIE MOORE, et al.,             :
                                 :
    Defendant.                   :

       This matter is before the Court on the Magistrate Judge's May 26, 2010 Report and Recommendation (doc. 30). No objection has been filed. For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety and GRANTS Defendants' Motion for Summary Judgment.

**I.  Background**

       The Magistrate Judge offered a comprehensive review of the facts in this matter, which the Court incorporates by reference (doc. 30). Plaintiff is an inmate in state custody at the Mansfield Correctional Institution ("MCI") in Mansfield, Ohio (doc. 27). Prior to his residing at MCI, Plaintiff was an inmate at the Lebanon Correctional Institution ("LeCI") (doc. 10). On February 24, 2007, while at LeCI, Plaintiff and inmate "Marshall" engaged in a physical fight with one another (doc. 30). Many officers responded and ordered the inmates to stop fighting (Id.). Correctional Officer ("C.O.") Williams handcuffed Marshall, who was cooperative with the officers' orders; however, Plaintiff did not

comply with the officers' orders, causing Defendant C.O. Patrick to intervene (Id.). Plaintiff continued to throw punches while Defendant Patrick attempted to control him (Id.). The two landed on the ground, Defendant Patrick on top of Plaintiff (Id.). C.O.'s Pollock, Maybugh, and Defendant Sharp responded by gaining control of Plaintiff and handcuffing him (Id.). Plaintiff was then brought to the medical department to treat his resulting injuries (Id.).

A Use of Force Committee thereafter conducted an investigation of the incident pursuant to Ohio Department of Rehabilitation and Corrections policy (Id.). When interviewed, Plaintiff claimed that he did not resist and acted according to the officers' orders (Id.). Plaintiff later stated his belief that Defendant Patrick did not intend to harm him or purposefully cause injuries (Id.). After the Committee watched the video of the incident and interviewed witnesses, it concluded that Plaintiff's testimony was false and that he resisted Defendant Patrick (Id.). The Committee determined that Defendant Patrick justifiably used force to terminate the altercation and to gain control of Plaintiff, but that he did not intend to harm Plaintiff (Id.).

Plaintiff filed a pro se complaint on January 20, 2009 against LeCI's Warden Ernie Moore, Institutional Inspector April Barr,[1] and Correctional Officers Patrick and Sharp (collectively

---

[1] This Court dismissed Defendant Barr from this action on January 30, 2009. (doc. 3.)

2

"Defendants"), alleging that he sustained injuries as a result of Defendants' use of excessive force (doc. 1). In particular, Plaintiff alleges that Defendant Patrick violated his Eighth Amendment rights when he maliciously stomped on Plaintiff's foot and tackled Plaintiff, resulting in a fractured ankle (doc. 4). Plaintiff also alleges that Defendant Sharp retaliated against him because he filed a grievance after the incident (Id.). Lastly, Plaintiff accuses Defendant Ernie Moore, the Warden of LeCI at the time, for "acquiescing in the excessive use of force" (Id.).

Defendants filed a Motion for Summary Judgment on April 2, 2010, arguing that (1) the evidence does not demonstrate that Defendant Patrick exercised the use of excessive force in violation of the Eighth Amendment, and (2) Plaintiff fails to state a claim for relief against Defendants Sharp and Moore (doc. 24).

**II. The Magistrate Judge's Report and Recommendation (doc. 30)**

In his Report and Recommendations, the Magistrate Judge found the Defendants are entitled to summary judgment as to each of Plaintiff's claims (doc. 30). As for the Eighth Amendment claim, the Magistrate Judge noted that the standard in determining excessive force in violation of the cruel and unusual punishment clause is whether force was used to maintain or restore discipline, or whether it was maliciously and sadistically used to cause harm (Id., citing Hudson v. McMillian, 503 U.S. 1, 6 (1992)). To determine the officer's motivations, courts consider the reasons

3

for the application of force, the need for the force, and the extent of the injury (Id., citing Caldwell v. Moore, 968 F.2d 595, 600 (6th Cir. 1986)).

The Magistrate Judge concluded that the evidence does not support a finding that the officers acted with malice when they applied force upon Plaintiff (Id.). While the Magistrate Judge agreed with Plaintiff that Defendant Patrick "tackled" Plaintiff, he found no evidence indicating that Defendant Patrick "stomped" on Plaintiff's foot (Id.). Further, the Magistrate Judge noted that the gravity of the violent altercation and Plaintiff's refusal to stop fighting necessitated the use of force, but that the degree of force was not excessive (Id.). Thus, the Magistrate Judge concluded that Defendant Patrick applied force in a good-faith effort to restore discipline (Id., citing Hudson, 503 U.S. at 7).

Regarding Plaintiff's retaliation claim, the Magistrate Judge found well-taken Defendants' argument that Plaintiff fails to satisfy the elements of a claim for retaliation (Id.). For such a claim, Plaintiff bears the burden of proof to establish that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between the first two elements; particularly, that the adverse action was motivated at least in part by Plaintiff's protected conduct (Id., citing Thaddeus-X v. Blatter, 175 F.3d 378,

4

394 (6th Cir. 1999); McElhaney v. Elo, 230 F.3d 1358 (6th Cir. 2000); Watkins v. Phillips, 194 F.3d 1315 (6th Cir. 1999)).

The Magistrate Judge concluded that Plaintiff meets the first element because he filed a complaint about the incident in accordance with the grievance procedure available to him (Id.). However, the Magistrate concluded that Plaintiff fails to satisfy the second and third elements (Id.). Specifically, the Magistrate Judge found that Plaintiff's factual allegations that Defendant harassed and intimidated him are not sufficient for a retaliation claim (Id.). Plaintiff also fails to prove that Defendant Sharp was aware that Plaintiff filed a grievance against Defendant Patrick (Id.). Further, the Magistrate Judge found that Plaintiff fails to demonstrate that Defendant Sharp's actions deterred him from engaging in protected conduct; conversely, the Judge noted that Plaintiff did in fact continue to file complaints and grievances (Id.).

Lastly, the Magistrate Judge found that Plaintiff fails to proffer a sufficient factual basis for his claim for relief against Defendant Moore (Id.). A claim brought under Section 1983 requires a plaintiff to identify a right secured by federal law and the deprivation of that right by a person acting under color of state law (Id., citing Russo v. City of Cincinnati, 953 F.2d 1036, 1042 (6th Cir. 1992); Mackey v. Cleveland State Univ., 837 F.Supp. 1396, 1402 (N.D. Ohio 1993)). Further, a complaint brought under

5

Section 1983 must include a factual basis, not merely conclusory allegations of unconstitutional conduct. (Id., citing Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986); Mackey, 837 F.Supp. At 1402). The plaintiff must also demonstrate that the defendant who caused the deprivation of a federal right under color of state law was personally involved in the matter (Id., citing Santo v. Corr. Corp. Of Am., No. 4:08cv901, 2008 U.S. Dist. LEXIS 70857, at 4 (N.D. Ohio 2008)).

Because Plaintiff's Complaint alleges no factual allegations other than that Moore's "inactions" led to "a policy of physical violence," the Magistrate Judge found that Plaintiff's claim fails to demonstrate Moore's direct involvement (Id., citing doc. 4).

### III. Discussion

The parties were served with the Magistrate Judge's Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation as required by 28 U.S.C. § 636(b)(1)(C), including the notice that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither party filed any objections thereto within the time frame provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C). When no objections have been filed, the Court need only satisfy itself that there is no clear error on

6

the face of the record in order to accept the Magistrate Judge's recommendation.  See Advisory Committee Notes to Fed. R. Civ. P. 72; Thomas v. Arn, 474 U.S. 140, 150(1985)("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under de novo or any other standard, when neither party objects to those findings").

**IV. Conclusion**

Having reviewed this matter pursuant to 28 U.S.C. §636(b), the Court finds no clear error on the face of the record and further finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety (doc. 30), GRANTS Defendant's Motion for Summary Judgment (doc. 24), and DISMISSES this case from the Court's docket.

SO ORDERED.

Dated: July 15, 2010         /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge